IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


ZACHARY PATTERSON                                      PLAINTIFF

VS.                          CIVIL ACTION NO. 5:18-cv-74(DCB)(MTP)

CITY OF McCOMB, MISSISSIPPI, ET AL.                    DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendants Pike County, Mississippi and Pike County Sheriff's Deputy Warren Gilmore's Motion for an Order Providing Discovery Protection Under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, et sec. **(docket entry 49).**

The instant case arises out of the January 26, 2017, arrest of plaintiff Zachary Patterson by the City of McComb Police Department. See Plaintiff's Amended Complaint (docket entry 13). The plaintiff contends that his arrest and incarceration violated both Federal and State law. Id.

In their Answer (docket entry 20) to the plaintiff's Amended Complaint, Pike County and Deputy Gilmore invoke each and every privilege, immunity, and restriction and/or limitation of the MTCA, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, and 11-46-15 of the MTCA.

Subsequently, on July 20, 2018, Pike County and Deputy Gilmore filed, among other things, a Motion for Judgment on the Pleadings

(docket entry 26) asserting that they are entitled to immunity under the MTCA as to the plaintiff's state law claims. That motion is currently pending before the Court.

On August 9, 2018, plaintiff Patterson filed his Response in Opposition to Motion to Stay (docket entry 39) and, simultaneously, his Motion to Lift the Automatic Stay (docket entry 40). The plaintiff argues that he has asserted state law claims to which Deputy Gilmore's qualified immunity defense does not apply. Therefore, the plaintiff contends that he should "be allowed to proceed with discovery on his state law claims" in spite of the Automatic Stay (L.U.Civ.R. 16). Id.

However, the plain language of Local Civil Rule 16(b)(3) clearly provides that filing a motion based on immunity defenses stays all discovery in a case. See L.U.Civ.R. 16(b)(3)(B). In addition,

> [f]iling a ... motion asserting an immunity defense ... stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

Id. This obviously includes discovery on claims unrelated to the immunity defense. Local Rule 16(b)(3)(B) contemplates that all discovery, including that pertaining to state law claims, be stayed.

2

Although Local Rule 16 does state that it is within the Court's discretion as to whether or not "any portion" of the case should proceed pending resolution of the immunity motion, the Court finds that the stay should not be lifted for the reasons set forth below:

First, as the plaintiff notes in his Motion, his "Section 1983 claims and his state law claims are predicated on the same facts." Motion to Lift Automatic Stay (docket entry 40, p.5). Thus, lifting the stay and allowing discovery to go forward on the state law claims would wholly undermine Deputy Gilmore's right to discovery protection under Section 1983.

Local Rule 16 and Fifth Circuit precedent, which necessitate a stay in this matter under Deputy Gilmore's qualified immunity defense, do not anticipate an end run around the stay by allowing discovery on related claims. Imani v. City of Baton Rouge, 2018 WL 2208221, at *6-7 (M.D. La. May 14, 2018)(noting that allowing discovery to proceed against other defendants fails to consider the basic thrust of qualified immunity - to free officials from the concerns of litigation, including avoidance of disruptive discovery). Allowing discovery on state law claims based on the same facts as the federal claims would wholly undermine the Rule 16 Stay.

In addition, the MTCA and its interpreting case law necessitate a stay in this matter. The plaintiff's state law

claims against Pike County and Deputy Gilmore are governed exclusively by the MTCA. Notably, although the MTCA waives sovereign immunity as a whole, it contains a number of restrictions, limitations, and immunities.

Pike County and Deputy Gilmore have filed a Motion for Judgment on the Pleadings that pertains to the plaintiff's state law claims, asking that they be dismissed based on application of exemptions found in the MTCA. See Miss. Code Ann. § 11-46-9(1).

The current state of immunity law in Mississippi creates an inference that willing participation in discovery when an immunity defense is subject to resolution without the expense and delay of discovery puts the entity at risk of a claim of waiver. Alexander v. Newton County, 124 So. 3d 688 (Miss.Ct.App. 2013); E. Miss. State Hosp. v. Adams, 947 So. 2d 887, 891 (¶10)(Miss. 2007) (defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right that would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver).

Given that Pike County and Deputy Gilmore currently have a Motion for Judgment on the Pleadings pending that should be dispositive as to all state law claims, allowing discovery to go forward is inappropriate, especially considering the plaintiff's own admission that his federal law claims and his state law claims

4

"are predicated on the same facts."

A district judge may exercise discretion to stay discovery upon a showing of "good cause" pursuant to Federal Rule of Civil Procedure 26(c)(1). See Landry v. Air Line Pilots Ass'n Int'l AFL–CIO, 901 F.2d 404, 435 (5th Cir. 1990). The above clearly constitutes good cause as to staying discovery on the state law claims. Allowing discovery would not only run afoul of the qualified immunity stay but would subject Pike County and Deputy Gilmore to discovery in spite of their pending Motion for Judgment on the Pleadings (docket entry 26), which is likely to immunize them from suit. Therefore, the Court shall maintain the stay as to all discovery until such time as the Court has ruled on the currently pending Motion for Judgment on the Pleadings.

ACCORDINGLY,

IT IS HEREBY ORDERED that defendants Pike County, Mississippi and Pike County Sheriff's Deputy Warren Gilmore's Motion for an Order Providing Discovery Protection Under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, et sec. **(docket entry 49)** is GRANTED;

FURTHER ORDERED that all discovery in this case is stayed until such time as the Court has ruled on the currently pending Motion for Judgment on the Pleadings.

SO ORDERED, this the 18th day of September, 2018.


                                        /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE